UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ROBERT ROBINSON,<br>KYRA POTTS,<br>MICHAEL HURST,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CHICAGO,<br>a municipal corporation,<br>CITY OF CHICAGO<br>POLICE OFFICERS<br>DAVID GARZA,<br>Star Number 14970,<br>HABIAK,<br>Star Number 8058<br><br>Defendants. | **FILED**<br>AUG 1 9 2005 *rg*<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>JUDGE GOTTSCHALL<br>**05C 4787**<br><br>MAGISTRATE JUDGE NOLAN |

## COMPLAINT

### Jurisdiction

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, 1988; the judicial code 28 U.S.C. §§ 1331, 1343(a); the Constitution of the United States; and pendant jurisdiction, as provided under U.S.C. § 1367(a).

### Parties

2. Plaintiff, Robert L. Robinson, D.O.B. 1-7-76, is a resident of Chicago, Cook County, Illinois.

3. Plaintiff, Kyra C. Potts, 3-1-79, is a resident of Chicago, Cook County, Illinois.

4. Plaintiff, Michael C. Hurst, 10-28-80, is a resident of Chicago, Cook County, Illinois.

1

5. Defendant City of Chicago (hereinafter "the City") Police Officers David Garza, Star Number 14970, and Paul Habiak, Star Number 8058, were, at the time of this occurrence, licensed City of Chicago police officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and the City was, at the time of the occurrence, the employer and principal of Defendants Garza and Habiak.

Facts

7. On or about January 4, 2005, Plaintiffs were approached, seized and ultimately arrested on or about the 6100 block of South Racine, in Chicago, Illinois by Defendant Officers.

8. Before the Plaintiffs were arrested, the Plaintiffs had not committed any crime, there was no warrant for their arrest and there was no legal justification to search, seize, and ultimately arrest them.

9. During the incident, Defendants Garza and Habiak hit, kicked and beat Plaintiff Robinson, causing him severe physical and emotional injuries, including but not limited to various bruises about his body and a lacerated lip requiring multiple stitches, the proximate cause of which was the actions of Garza and Habiak.

10. Plaintiff Robinson was charged with misdemeanor charges of assault and battery against Defendant Garza, and in the case of People of the State of Illinois v. Robert Robinson, 05 MC1 193570, and on March 16, 2005, the case was dismissed by the Cook County State's Attorney's Office via a S.O.L. order, in a manner consistent with the innocence of the Plaintiff. Thereafter, the Plaintiff demanded trial. Plaintiff Robinson did not commit any criminal offense,

and Defendants Garza and Habiak acted maliciously in prosecuting him for these charges.

11. Plaintiff Potts was charged with the misdemeanor charge of disorderly conduct, and in the case of <u>People of the State of Illinois v. Kayra Potts</u>, (the name was misspelled on the file jacket), 05 MC1 193410, and on February 7, 2005, the case was dismissed by the Cook County State's Attorney's Office via a S.O.L. order, in a manner consistent with the innocence of the Plaintiff. Thereafter, the Plaintiff demanded trial. Plaintiff Potts did not commit any criminal offense, and Defendants Garza and Habiak acted maliciously in prosecuting her for this charge.

12. Plaintiff Hurst was charged with misdemeanor charge of disorderly conduct, and in the case of <u>People of the State of Illinois v. Michael Hurst</u>, 05 MC1 193405, and on February 7, 2005, the case was dismissed by the Cook County State's Attorney's Office via a S.O.L. order, in a manner consistent with the innocence of the Plaintiff. Thereafter, the Plaintiff demanded trial. Plaintiff Hurst did not commit any criminal offense, and Defendants Garza and Habiak acted maliciously in prosecuting him for this charge.

13. As the proximate result of the actions of Defendants Garza and Habiak, the Plaintiffs suffered a loss of freedom, a loss of attorney's fees and medical costs, and severe physical and emotional distress, suffering and humiliation.

<u>COUNT I – 42 U.S.C. § 1983 Excessive Force Claim</u>

<u>Plaintiff Robinson against Defendants Garza and Habiak</u>

14. Plaintiff realleges what has previously been alleged in the Complaint.

15. The actions of Defendants Garza and Habiak in physically abusing and otherwise using unreasonable and unjustifiable force against Plaintiff violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be secure in his person, papers and

3

effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

16. The actions of the Defendants were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, and were the proximate cause of the Plaintiff's injuries, described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Garza and Habiak, and because they acted maliciously wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorney's fees and such other and additional relief as this court deems equitable and just.

## COUNT II – 42 U.S.C. § 1983 Unreasonable Search and Seizure/False Arrest Claim

## – All Plaintiffs against Defendants Garza and Habiak

17. Plaintiffs reallege what has been previously alleged in this Complaint.

18. The actions of Defendants Garza and Habiak in seizing, searching and ultimately arresting the Plaintiffs violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in their person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

19. The actions of Defendants Garza and Habiak were the direct and proximate cause of the violations of Plaintiffs' Fourth Amendment rights, and were the proximate cause of the Plaintiffs' injuries, described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demands compensatory damages against Defendants Garza and Habiak, and because Defendants Garza and Habiak acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorney's fees and such other and additional relief as this court deems equitable and

4

just.

## COUNT III – State Law Claim of Malicious Prosecution –

### All Plaintiffs against All Defendants

20. Plaintiffs re-allege the previous allegations and incorporate the allegations into this Count of the Complaint.

21. As the direct and foreseeable result of the actions described above, Defendants Garza and Habiak actually caused to be filed or played a substantial role in causing to be filed criminal charges against the Plaintiffs.

22. The criminal cases were terminated in the Plaintiffs' favor and dismissed by the Cook County State's Attorney's Office in a manner consistent with the innocence of the Plaintiffs.

23. Defendants Garza and Habiak committed the above acts with malice and without reasonable grounds for prosecuting the Plaintiffs.

24. The actions of Defendants Garza and Habiak were the direct and proximate cause of the Plaintiffs' injuries, described more fully above.

25. Defendants Garza and Habiak committed the above willful and wanton acts within the course and scope of their employment as City of Chicago Police Officers.

WHEREFORE, Plaintiffs demand compensatory damages against Defendants Garza and Habiak and Defendant City of Chicago, and because Defendants Garza and Habiak acted maliciously, wantonly, or oppressively, substantial punitive damages against Defendants Garza and Habiak, plus, against all Defendants, the Plaintiffs demand to be awarded the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

COUNT IV – Defendant City of Chicago (Indemnification on Federal Claims)

26. Plaintiffs reallege what has been previously alleged in this Complaint.

27. Defendant City of Chicago was the employer of Defendants Garza and Habiak at the time of this incident.

28. Defendants Garza and Habiak committed the aforementioned willful and wanton acts alleged above under color of law and in the scope of their employment as a City of Chicago police officers.

WHEREFORE, should Defendants Garza and Habiak be found liable on one or more of the claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain thereon against Defendants Garza and Habiak, as well as for all attorney's fees and costs awarded.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

Richard J. Dvorak,
One of the Attorneys for the Plaintiffs.

Richard J. Dvorak
Dvorak & Toppel
3859 W. 26th Street
Chicago, Il. 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)